UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY V. BISHINS,**

        **Plaintiff,**

v.                                                                                   **Case No: 6:23-cv-614-DCI**

**UNITED STATES SECRETARY OF
HEALTH AND HUMAN SERVICES,**

        **Defendant.**

---

## ORDER

### I.    Background

Before the Court are Defendant's Motion to Dismiss (Doc. 16; the Motion to Dismiss) and Plaintiff's Motion for Leave to Amend (Doc. 29; the Motion to Amend). On review, the Motion to Dismiss is granted in part and the Motion to Amend is granted.

### II.    Standard

In considering a motion to dismiss, a court must view the challenged complaint in the light most favorable to the party asserting the claim. *See, e.g.*, *Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court is limited in its consideration to the pleadings and any exhibits attached to those pleadings. Fed. R. Civ. P. 10(c);

*see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). *Pro se* pleadings are generally held to a less stringent standard, but courts have recognized that *pro se* complaints must still comply with minimal pleading standards. *See Heard v. Nix*, 170 F. App'x 618, 620 (11th Cir. 2006).

### III.   Discussion

Generally, this case involves Plaintiff's allegation that Medicare has failed to pay for his medically necessary CPAP equipment and supplies. Doc. 1 (the Complaint). Plaintiff alleges that he has been placed in "denied status" regarding his CPAP equipment and supplies. *Id.* ¶ 71, 74. Notably, there is no denial of a specific claim before the Court; Plaintiff's requested relief is generally targeted toward removing his "denied status." Plaintiff brings five counts which the Court addresses in turn.

**a.   Count 1 – Permanent Injunctive Relief; Count 4 – Declaratory Relief**

Counts 1 and 4 are related. In Count 1, Plaintiff seeks injunctive relief to "enjoin Defendant from keeping Plaintiff in 'denied' status regarding Medicare's payment for Plaintiff's CPAP supplies." Doc. 1 ¶ 130. In Count 4, Plaintiff seeks declaratory relief regarding "Plaintiff's right to have Defendant pay claims submitted by Plaintiff's DME CPAP supplier[.]" *Id.* at 39.

As an initial matter, Plaintiff does not adequately allege a final agency decision by the Medicare Appeals Council, so "the Court cannot find that Plaintiff has exhausted his administrative remedies to pursue this suit." *Guidry v. Centers for Medicare and Medicaid Servs.*, 2022 WL 992248, at *2 (M.D. Fla. Apr. 1, 2022). Plaintiff perfunctorily asserts that being placed in "denied status" is final agency action, but the Court is unpersuaded by this assertion, especially in the absence of any supporting legal authority. Plaintiff also appears to argue that the administrative exhaustion exception discussed in *Illinois Council* applies here because he would

be foreclosed from obtaining judicial review. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 19 (2000) ("§ 1395ii does not apply § 405(h) where application of § 405(h) would not simply channel review through the agency, but would mean no review at all."). But "[a] party may not circumvent the channeling requirement 'by showing merely that postponement of judicial review would mean added inconvenience or cost in an isolated, particular case.'" *Porzecanski v. Azar*, 943 F.3d 472, 481–82 (D.C. Cir. 2019) (citation omitted). "Rather, the 'difficulties must be severe enough to render judicial review unavailable as a practical matter.'" *Id.* at 482 (citation omitted). Here, Plaintiff alleges that proceeding through the typical appeal process would be "absurd," the claim denial and appeal process is "a waste a government resources, waste of taxpayer dollars, a waste of bureaucratic time and extends the time Plaintiff will still be in 'denied' status as the appeal process is both time consuming and complicated." Doc. 1 ¶ 104. These allegations establish, at best, that "postponement of judicial review would mean added inconvenience or cost" in Plaintiff's particular case, which is insufficient to circumvent the channeling requirement. *Porzecanski*, 943 F.3d at 481–82. Otherwise, Plaintiff's allegations do not establish that the claim appeals process is so Kafkaesque that "judicial review [is] unavailable as a practical matter."[1] *Id.*

Beyond that deficiency, the Court rejects the prospective relief requested in Counts 1 and 4. The Court is persuaded by the *Porzecanski* court's analysis when it considered a substantially similar request for prospective relief:

---

[1] Plaintiff also argues that Defendant has denied him a hearing based upon two letters that he sent to employees of the Centers for Medicare and Medicaid Services, in which letters Plaintiff requested a hearing regarding his denied status. Doc. 20 at 18. It is unclear what relevance these letters have regarding Plaintiff's current claims, and it appears that these letters are the basis for a claim Plaintiff seeks to include in an amended complaint. Doc. 29-1 at 46. Because Plaintiff will be given an opportunity to amend his complaint and include his additional claims, the Court will address these letters in future filings, should it be necessary.

> *Ringer* and *Illinois Council* directly foreclose Porzecanski's attempt to recast the requested relief as anything other than a claim for future benefits. An order requiring HHS to conclude that future IVIG treatments are both a "Medicare-covered benefit" and "medically necessary" runs headlong into the Supreme Court's instruction that "all aspects" of a claim be first channeled through the agency. *Illinois Council*, 529 U.S. at 12, 120 S.Ct. 1084 (emphasis added). Moreover, the issues Porzecanski attempts to resolve through judicial decree are not merely related to his claim; they *are* his claim. Granted, Porzecanski would still need to provide appropriate documentation in connection with his claims but the ultimate issue of whether his treatments are covered under Medicare Part B would be predetermined by the relief he seeks. In other words, "only essentially ministerial details [would] remain before [he] would receive reimbursement" in the future. *Ringer*, 466 U.S. at 615, 104 S.Ct. 2013. Porzecanski "is clearly seeking to establish a right to future payments" outside the appropriate channels and we therefore must reject his request for prospective relief. *Ringer*, 466 U.S. at 621, 104 S.Ct. 2013.

*Porzecanski*, 943 F.3d at 483. Similarly here, Plaintiff is essentially seeking a right to future payments outside of the appropriate channels, so the Court rejects Plaintiff's requests for prospective relief. *See id.*

Accordingly, Counts 1 and 4 are dismissed.

**b. Count 2 – Writ of Mandamus**

In Count 2, Plaintiff seeks a writ of mandamus "that orders Defendant to pay for Plaintiff's medically necessary CPAP supplies in the future[.]" Doc. 1 at 35.

The Supreme Court has not yet decided if mandamus relief is available under the Medicare Act. *See Your Home Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 457 n.3 (1999). Even assuming that mandamus relief is available, this claim fails because Plaintiff has not exhausted his other avenues of relief. *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."). As discussed previously, Plaintiff can seek relief through the claim appeals process.

Accordingly, Count 2 is dismissed.

**c.   Count 3 – Freedom of Information Act Violation**

In Count 3, Plaintiff alleges that Defendant violated the Freedom of Information Act (FOIA; 5 U.S.C. § 551 *et seq.*) by not supplying certain documents to him.  Doc. 1 ¶ 152.

"The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citations omitted).  Plaintiff has not alleged that he appealed Defendant's FOIA response, so Plaintiff has not actually exhausted his administrative remedies.  However, Plaintiff argues that he has constructively exhausted his administrative remedies because, although Defendant did respond to Plaintiff's request and provide documents, Defendant did not comply with the 20-day response period specified in § 552(a)(6)(A).  *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph.").  The Eleventh Circuit addressed this situation in *Taylor*:

> The United States Court of Appeals for the District of Columbia Circuit has extensively discussed this issue in a well-reasoned opinion in *Oglesby v. United States Department of Army*, 920 F.2d 57 (D.C. Cir. 1990). *Oglesby* held that after the agency properly responds to a request belatedly but before a lawsuit is filed, the party must actually exhaust administrative remedies before going to court. The court recognized that the purpose of the ten-day limit was to grant the requesting party a right to seek a judicial order when an agency completely fails to comply with the request, and not to provide a perpetual right to sue.
>
> . . .
>
> We are persuaded by the sound reasoning behind this interpretation of § 552(a)(6)(C) which permits a challenge to the timeliness of the agency response, not to the adequacy of that response. **Where a party has deliberately chosen to wait for a proper response from the agency after initial delay, actual**

> **exhaustion must occur before a federal court has jurisdiction to review challenges to administrative action under FOIA.**

*Taylor*, 30 F.3d at 1369 (emphasis added).  So, on these facts, Plaintiff must have actually exhausted his administrative remedies before coming to court; Plaintiff has not alleged that he has.

Accordingly, Count 3 is dismissed.

### d. Count 5 – Declaratory Relief

In Count 5, Plaintiff seeks a declaratory judgment that, based on futility, he does not have to exhaust administrative remedies prior to bringing this suit.  Doc. 1 ¶ 162.

The Eleventh Circuit has held, when discussing the Medicare statute, that "[i]t is true that in some contexts, administrative exhaustion requirements are tempered by judge-made exceptions, chief among which are that exhaustion of administrative remedies sometimes is not required if resort to them would be futile, or if the remedy they offer is inadequate. . . . Those judge-made exceptions do not apply, however, to a statutorily-mandated exhaustion requirement like the one involved in this case."  *Cochran v. U.S. Health Care Financing Admin.*, 291 F.3d 775, 780 (11th Cir. 2002).  So, Plaintiff cannot be excused from exhausting his administrative remedies here based on futility.

Accordingly, Count 5 is dismissed.

### e. The Motion to Amend

As discussed, all of Plaintiff's claims are dismissed without prejudice.  Considering Plaintiff's *pro se* status, and in an abundance of caution, the Court will allow Plaintiff to amend his complaint.  *See Guidry*, 2022 WL 992248, at *3.  Because the Court is already affording Plaintiff an opportunity to amend his complaint, the Court also grants[2] the Motion to Amend such

---

[2] Though the Motion to Amend is opposed, the Court does not require a response to rule on the Motion to Amend in this circumstance.

that Plaintiff may include the two additional claims identified in the Motion to Amend in an amended complaint.

IV. **Conclusion**

Accordingly, it is hereby **ORDERED** that:

1) The Motion to Dismiss (Doc. 16) is **GRANTED in part**, such that:

    a. The Complaint (Doc. 1) is **DISMISSED without prejudice**;

    b. **On or before September 21, 2023**, Plaintiff may file an amended complaint. **Failure to timely file an amended complaint may cause the Court to close this case without further notice**;

    c. The Motion to Dismiss (Doc. 16) is **DENIED** in all other respects; and

2) The Motion to Amend (Doc. 29) is **GRANTED**, such that Plaintiff may include the two additional claims identified in the Motion to Amend in an amended complaint.

**ORDERED** in Orlando, Florida on September 8, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE