UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LARRY V. BISHINS,**

        **Plaintiff,**

v.                                       Case No: 6:23-cv-614-DCI

**UNITED STATES SECRETARY OF HEALTH AND HUMAN SERVICES,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 33)** |
| **FILED:** | **October 4, 2023** |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

### I.  Background

Generally, this case involves Plaintiff's allegations that Medicare has failed to pay for his medically necessary CPAP equipment and supplies. Doc. 31 (the Second Amended Complaint). On September 8, 2023, this Court granted Defendant's Motion to Dismiss and allowed Plaintiff leave to file an amended complaint. Doc. 30. Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. 33 (the Motion). Plaintiff has filed a Response in opposition to the Motion. Doc. 34 (the Response). Upon due consideration, the Motion is due to be granted.

## II. Legal Standard

In considering a motion to dismiss, a court must view the challenged complaint in the light most favorable to the party asserting the claim. *See, e.g., Jackson v. Okaloosa Cty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994). Federal Rule of Civil Procedure 8(a) provides that a pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The Court is limited in its consideration to the pleadings and any exhibits attached to those pleadings. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). *Pro se* pleadings are generally held to a less stringent standard, but courts have recognized that *pro se* complaints must still comply with minimal pleading standards. *See Heard v. Nix*, 170 F. App'x 618, 620 (11th Cir. 2006).

## III. Discussion

Plaintiff alleges that he has been placed in "denied status" regarding his CPAP equipment and supplies. *Id.* ¶¶ 54, 116. Plaintiff claims his "statutory and regulatory rights under Medicare Part B" have been violated and that he is entitled to a hearing on his "denied status." *Id.* at 37-55. Plaintiff brings eight counts which the Court addresses in turn.

### a. Counts 1-4: Injunctive Relief & Writs of Mandamus

Plaintiff's claims fail for lack of subject-matter jurisdiction. The objection that a federal court lacks subject-matter jurisdiction under Rule(12)(b)(1) "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In Counts 1 through 4 of Plaintiff's Second Amended Complaint he asserts 28 U.S.C. §§ 1331, 1346, and 1361 as the bases for federal jurisdiction. Doc. 31 at 37-43. Plaintiff is attempting to bring this action against the Secretary of Health and Human Services (the Secretary). However, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *King v. U.S. Gov't*, 878 F.3d 1265, 1267 (11th Cir. 2018) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)).

The Social Security Act provides for district court review of the Secretary's determinations. 42 U.S.C. § 405(g) provides in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). In addition, § 405(h) of the Social Security Act channels most, if not all, Medicare claims through a special review system. It states:

> The findings and decision of the [Secretary] after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.*

42 U.S.C. § 405(h) (emphasis added). Section 1395ii makes § 405(h) applicable to the Medicare Act "to the same extent as" it applies to the Social Security Act. *See Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 9 (2000).

As the plain language of § 405(h) makes clear, Plaintiff cannot rely upon §§ 1331 or 1346 for the basis of jurisdiction on these claims. Accordingly, Counts 1-4 are due to be dismissed for lack of subject-matter jurisdiction.

### b. Count 5—Freedom of Information Act (FOIA) Claim

At Count 5, Plaintiff alleges a violation of the FOIA. Doc. 31 at 199-205. This Court has previously determined that Plaintiff is not due relief on his FOIA claim. *See* Doc. 30 at 5-6. Plaintiff's amended FOIA claim fails for the same reasons as his original claim.

"The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (citations omitted). Here, it appears that Plaintiff obtained a FOIA response and now seeks to challenge the adequacy of that response, but Plaintiff fails to allege that he appealed Defendant's FOIA response, so he has not actually exhausted his administrative remedies. Plaintiff argues that he has constructively exhausted his administrative remedies, but the Eleventh Circuit has made clear that actual exhaustion is required before a federal court may review challenges to administrative action under the FOIA. *See Taylor*, 30 F.3d at 1369 ("Where a party has deliberately chosen to wait for a proper response from the agency after initial delay, actual exhaustion must occur before a federal court has jurisdiction to review challenges to administrative action under FOIA.").

On the facts of this case, Plaintiff must have actually exhausted his administrative remedies before seeking review in this court; Plaintiff has not alleged that he has. Accordingly, Count 5 is due to be dismissed.

### c. Count 6—Declaratory Relief

Plaintiff seeks an order of declaratory relief against Defendant to declare Plaintiff's rights under Medicare Part B, 42 U.S.C. § 1935(j). Doc. 31 at 48-49. Plaintiff relies upon the Declaratory

Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act, 5 U.S.C. § 702, as the bases for jurisdiction in this court.  *Id.*  Fatally, neither Act provides a grant of jurisdiction.  *See California v. Texas*, 593 U.S. --, 141 S. Ct. 2104, 2115 (2021) ("The Declaratory Judgment Act, 28 U.S.C. § 2201, alone does not provide a court with jurisdiction."); *see also Califano v. Sanders*, 430 U.S. 99 (1977) (holding that the Administrative Procedure Act does not independently confer jurisdiction on federal courts).

Regardless, the Supreme Court has made clear that the jurisdictional terms of 42 U.S.C. §§ 405(g)-(h) apply even when a plaintiff seeks only declaratory relief.  *Heckler v. Ringer*, 466 U.S. 602, 615-616 (1984); *see also U.S. v. Blue Cross & Blue Shield of Ala., Inc.*, 156 F.3d 1098, 1106-07 (11th Cir. 1998) (discussing *Ringer*'s recognition that a request for declaratory relief was a "cleverly concealed claim" for Medicare payment).

Accordingly, Count 6 is due to be dismissed for lack of jurisdiction.

### d.  Counts Seven & Eight: § 1983 and *Bivens* Claims

In Counts Seven and Eight, Plaintiff alleges equal protection and due process violations.  Doc. 31 at 50-56.  Plaintiff relies on 42 U.S.C. § 1983 and upon a right of action pursuant to the Supreme Court's ruling in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 401 U.S. 388 (1971) as the basis for jurisdiction.  *Id.*

Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-

77 (11th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Here, Plaintiff filed a claim under § 1983 but he sues a federal official, not a state official. Accordingly, to the extent his claim has any merit, it is more appropriately considered under *Bivens*. *See Phelps v. Toomey*, No. 3:23-cv-673-MMH-PDB, 2023 WL 4419724, at *1 (M.D. Fla. July 10, 2023); *Jenkins v. Clerk of Court*, 150 F. App'x 988 (11th Cir. 2005).

To state a claim under *Bivens* against a federal official in his individual capacity, a plaintiff must allege (1) a federal official acting under color of federal law (2) deprived him of one of the rights secured by the United States Constitution. *Bivens*, 403 U.S. at 388. A claim under *Bivens* has been recognized only in limited circumstances and in limited settings. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001); *Iqbal*, 556 U.S. at 675. And the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abassi*, 582 U.S. 120, 135 (citing *Iqbal*, 556 U.S. at 675)). Likewise, the Supreme Court has declined to recognize a cause of action for damages against Social Security program administrators for alleged denials of benefits. *Schweiker v. Chilicky*, 487 U.S. 412 (1988); *see also Horne v. Soc. Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) ("The Supreme Court has declined to imply a *Bivens* remedy for monetary damages for people improperly denied social security benefits.").

In light of the foregoing, Plaintiff's claim under *Bivens* must fail. While Plaintiff names the Secretary as defendant in this action, Plaintiff makes no allegations that the Secretary has acted

improperly in his individual capacity[1]—in fact, Plaintiff's only mention of the Secretary is to note that he wrote a letter to the Secretary. *See* Doc. 31 at 24. Likewise, as mentioned previously, *Bivens* has not been applied against Social Security program administrators. *Chilicky*, 487 U.S. at 412. Accordingly, Counts Seven and Eight of Plaintiff's Second Amended Complaint are due to be dismissed.

A *pro se* plaintiff must generally be given one chance to amend the complaint "if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend." *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (internal quotations omitted). Here, Plaintiff has already been given that chance. *See* Doc. 30 at 6-7. Further, it does not appear from the pleading now before the Court that a more carefully drafted version of Plaintiff's claims would state a viable claim for relief.

## IV. Conclusion

Accordingly, it is **ORDERED** that the Motion (Doc. 33) is **GRANTED** and Plaintiff's Second Amended Complaint is dismissed. The Clerk is directed to close the case.

**ORDERED** in Orlando, Florida on December 20, 2023.

Copies furnished to:

Counsel of Record
Unrepresented Parties

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent Plaintiff attempts to bring an action under *Bivens* against the Secretary in his *official capacity*, such a claim would be barred by the doctrine of qualified immunity and the exclusivity of the remedial scheme provided by Congress in the Medicare statute. *See Abassi*, 582 U.S. at 150-151 ("Government officials are entitled to qualified immunity with respect to 'discretionary functions' performed in their official capacities."); *see also Marsaw v. Thompson*, 133 F. App'x 946, 948 (5th Cir. 2005) ("Following *Chilicky*, this court will not imply a *Bivens* remedy for an alleged constitutional violation in the denial of Medicare Act [benefits], because Congress created a comprehensive statutory administrative review mechanism, which was intended fully to address the problems created by wrongful denial of Medicare [benefits].").